Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2020 02:10 AM CST

- 849 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHILD
Cite as 306 Neb. 849

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Christine M. Schild, respondent.

___ N.W.2d ___

Filed August 14, 2020.    No. S-20-368.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The State Bar of Arizona entered a "Final Judgment and Order" regarding the respondent, Christine M. Schild, on April 17, 2020. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose a suspension of 6 months and 1 day.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska in 1983, in Minnesota in 1985, in Florida in 1990, and in Arizona in 1994. From 1994 to 2014, the respondent only actively engaged in the practice of law in Arizona. In 1994, she retired due to a disability and changed her status to inactive in these jurisdictions.

On April 17, 2020, the State Bar of Arizona issued an order entered on the consent of the parties that found that the respondent violated the Arizona Rules of Professional Conduct.

- 850 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHILD
Cite as 306 Neb. 849

The order suspended the respondent from the practice of law for 6 months and 1 day, effective April 17. The respondent conditionally admitted that she violated the "Arizona Supreme Court Rules of Professional Conduct (Rule 42)," specifically "ER 3.3" (candor toward the tribunal), "ER 5.5" (unauthorized practice of law), "ER 8.1" (bar admissions and disciplinary matters), and "ER 8.4(c) . . . and (e)" (misconduct), as well as "Rules of the Arizona Supreme Court (Rule 41)," including subsection (c) (maintaining the respect due to courts of justice and judicial officers) and subsection (g) (unprofessional conduct). The charges arose from the respondent's unauthorized practice of law, subsequent lie that she did not represent clients, and other related behavior.

On May 14, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. The motion stated that the above-cited Arizona Supreme Court rules are in sum and substance the equivalent of Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. Ct. R. of Prof. Cond. §§ 3-503.3 (rev. 2016), 3-505.5 (rev. 2012), and 3-508.4 (rev. 2016), as well as the "lawyer's responsibilities" identified in the preamble of the Nebraska Rules of Professional Conduct.

This court filed an order to show cause as to why it should not impose reciprocal discipline. On May 26, 2020, the relator filed a response that requested reciprocal discipline of a period of suspension without specification. On May 29, the respondent filed a response in which she requested that this court impose identical discipline to that imposed in Arizona.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not

- 851 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHILD
Cite as 306 Neb. 849

subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Arizona, we determine that suspension is appropriate. Therefore, we grant the motion for reciprocal discipline and impose a suspension of 6 months and 1 day.

## CONCLUSION

The motion for reciprocal discipline is granted. The respondent is suspended from the practice of law for 6 months and 1 day. The respondent shall comply with all notification

requirements by suspended members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.